**AMERISURE, INC., Appellant–Defendant,**

v.

**WURSTER CONSTRUCTION CO., INC., Appellee–Plaintiff.**

**No. 49A04–0402–CV–106.**

Court of Appeals of Indiana.

Feb. 28, 2005.

Stephen J. Peters, David I. Rubin, Indianapolis, IN, Attorneys for Appellant.

Troy M. Miller, Thomas A. Pastore, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

RATLIFF, Senior Judge.

Wurster Construction Co., Inc. petitions for rehearing in *Amerisure, Inc. v. Wurster Construction Co., Inc.*, 818 N.E.2d 998 (Ind.Ct.App.2004), challenging the language of the Court's opinion. We grant Wurster's petition for the sole purpose of clarification, and we affirm our original opinion.

Amerisure is an insurance company from whom Wurster purchased a commercial general liability ("CGL") coverage policy. Wurster entered into contracts for two construction projects, including installation of the exterior sheathing ("Dens-

---

glas") and the exterior insulation finish system ("EIFS") for the projects. Wurster later received notice that there were problems with these systems and notified Amerisure of these claims, but Amerisure denied coverage.

Wurster filed an action for declaratory judgment against Amerisure, and the parties filed motions for summary judgment. The trial court entered its order denying Amerisure's motion and granting Wurster's motion, and Amerisure appealed. On appeal, we reversed the trial court's entry of summary judgment in favor of Wurster Construction Co., Inc. and held that, under Wurster's CGL policy with Amerisure, there was no coverage for the particular event at issue.

On rehearing, Wurster contends that the Court's opinion incorrectly represents that Wurster concedes the fact that the Dens-glas and EIF systems are defective. For clarification, the Court states that, for purposes of this appeal and the corresponding underlying action for declaratory judgment only, Wurster and Amerisure agree that the Dens-glas and EIF systems are defective and that this fact is not in dispute. This Court's decision in *Amerisure, Inc. v. Wurster Construction Co., Inc.* was not intended as a final adjudication of the facts regarding the alleged defects in the Dens-glas and EIF systems and was in no way intended to foreclose any factual issues in the underlying dispute regarding the damage of these systems. Therefore, we grant Wurster's Petition for Rehearing for the sole purpose of clarifying this issue and in all other respects affirm the *Amerisure* opinion.

KIRSCH, C.J., and CRONE, J., concur.