MOTORISTS MUTUAL INSURANCE COMPANY, Appellant–Garaishee–Defendant,

v.

Alexis WROBLEWSKI, a Minor and Amber Wroblewski, a Minor, by and through their mother and natural guardian, Christine Lewis, and Christine Lewis, Individually, Appellees–Plaintiffs.

No. 46A03–0807–CV–352.

Court of Appeals of Indiana.

Jan. 13, 2009.

---

Timothy W. Woods, Brian R. Gates, Jones Obenchain, LLP, South Bend, IN, Attorneys for Appellant.

Daniel H. Pfeifer, Douglas E. Sakaguchi, Pfeifer Morgan & Stesiak, South Bend, IN, Attorneys for Appellees.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Appellant–Garnishee–Defendant, Motorists Mutual Insurance Company (Motorists Mutual), appeals the trial court's summary judgment in favor of Appellees–Plaintiffs, Alexis Wroblewski (Alexis), a minor, and Amber Wroblewski, a minor, by and through their mother and natural guardian, Christine Lewis, and Christine Lewis individually (collectively, the Wroblewskis) on the Wroblewskis' claim for coverage under Motorists Mutual's insurance policy.

We reverse and remand for further proceedings.

*ISSUE*

Motorists Mutual presents one issue on appeal, which we restate as follows: Whether Motorists Mutual's insurance policy provides liability coverage to the named insured for the damages sustained by Alexis by virtue of the named insured's signature on the financial responsibility form, pursuant to Indiana Code section 9–24–9–3.

*FACTS AND PROCEDURAL HISTORY*

In January of 2002, Aaron Litherland (Aaron), at that time a minor, lived with his grandparents and legal guardians, Bertha (Bertha) and Robert Shemberger (collectively, the Shembergers). On his sixteenth birthday, the Shembergers gave him a Chevrolet Beretta as a birthday present. The vehicle was titled and registered in Aaron's name. When Aaron obtained his driver's License, Bertha signed the financial responsibility form, pursuant to Indiana Code section 9–24–9–3. This statute requires a minor's application for a driver's License to be signed and sworn to by a parent, guardian, or other adult willing to assume certain statutory obligations. One of these statutory obligations is specified in Indiana Code section 9–24–9–4(a), as "[a]n individual who signed an application for a permit or license under this chapter agrees to be responsible jointly and severally with the minor applicant for any injury or damage that the minor applicant causes by reason of the operation of a motor vehicle if the minor applicant is liable in damages."

On January 21, 2002, Aaron was involved in a vehicle collision in LaPorte, Indiana. As a result of the collision, Alexis, a passenger in Aaron's vehicle, sustained various injuries. On October 15, 2002, the Wroblewskis filed a Complaint against Aaron alleging Alexis' injuries were caused by Aaron's negligence. Because Aaron was a minor at the time of the accident, the Wroblewskis named Bertha as a defendant bearing financial responsibility for Aaron's acts.

On November 13, 2007, a bench trial was held on the Wroblewskis' Complaint. On November 21, 2007, the trial court issued its Order determining Aaron to be

one hundred percent at fault for the accident, and therefore, liable for Alexis' injuries and damages. The trial court also found that "[Bertha] had executed a financial responsibility form by which she agreed to bear responsibility for any injuries or damages which other persons sustained by reason of [Aaron's] operation of a motor vehicle for which he was found liable." (Appellant's App. p. 20). As a result, the trial court entered judgment against Bertha in the amount of $99,422.19, plus court costs.

At the time of the accident, the Shembergers were covered under an automobile insurance policy issued by Motorists Mutual. The policy's declarations page identified the Shembergers as the named insureds and listed three covered automobiles: a 1938 Pontiac; a 1984 GMC pickup; and a 1997 Pontiac Bonneville. The Chevrolet Beretta which was owned by Aaron was insured through Founders Insurance Company, which identified Aaron as the named insured.

On December 17, 2007, the Wroblewskis instituted proceedings supplemental against Motorists Mutual as a garnishee-defendant, alleging that Motorists Mutual's policy provided coverage to Bertha for the judgment entered against her. On April 2, 2008, Motorists Mutual filed a Motion for Summary Judgment, asserting that no liability coverage existed under its policy. On May 13, 2008, the Wroblewskis filed their reply and, at the same time, filed their own Motion for Summary Judgment On May 29, 2008, Motorists Mutual replied to the Wroblewskis' Motion for Summary Judgment. On June 17, 2008, the trial court entered its Summary Judgment in favor of the Wroblewskis while, at the same time, it denied Motorists Mutual's Motion for Summary Judgment.

Motorists Mutual now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. Standard of Review

Motorists Mutual contests the trial court's grant of summary judgment in favor of the Wroblewskis. Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C). In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *Hendrick County Bd. of Comm'rs v. Rieth–Riley Constr. Co., Inc.*, 868 N.E.2d 844, 848–49 (Ind.Ct.App.2007). Thus, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id.* at 849. In doing so, we consider all of the designated evidence in the light most favorable to the non-moving party. *Id.* The party appealing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *Id.*

As our review of a trial court's ruling on summary judgment is limited to the evidence designated by the parties, it is incumbent upon the parties to present us with a complete appellate appendix. Motorists Mutual's original appendix failed to include any of the documents needed for appellate review. It merely contained the Wroblewskis' memorandum in opposition to Motorists Mutual's motion for summary judgment In addition, the appendix included as "Other Record Material" the insurance policy and two depositions. However, no indication was given as to which materials had been designated to the trial court. Although the Wroblewskis did present us with an Appellee's Appendix,

the appendix only presented the transcript of the hearing on the motions for summary judgment.

In an effort to conduct a meaningful appellate review, we issued an Order to Motorists Mutual to submit a supplemental appendix containing all documents necessary for resolution of the issue raised on appeal. We note that pursuant to Ind. Appellate Rule 49(B)—"[a]ny party's failure to include any item in an Appendix shall not waive any issue or argument,"— we could have conducted our review in light of the documents presented to us. As no designated materials were before us, Motorists Mutual's issue on appeal would surely have been waived. Lately, this court has seen an increase in the filing of incomplete appendices. *See, e.g. Kovach v. Alpharma, Inc.* 890 N.E.2d 55, 65 (Ind.Ct. App.2008), *reh'g denied, trans. petition filed.* We strongly caution counsel to familiarize themselves with the appellate rules governing the filing of appendices.

## II. *Analysis*

 In essence, Motorists Mutual disputes the trial court's interpretation of its insurance policy. Insurance policies are governed by the same rules of construction as other contracts. *Briles v. Wausau Ins. Companies,* 858 N.E.2d 208, 213 (Ind.Ct. App.2006). As with other contracts, the interpretation of an insurance policy is a question of law. *Id.* When interpreting an insurance policy, our goal is to ascertain and enforce the parties' intent as manifested in the insurance contract. *Id.* We construe the insurance policy as a whole and consider all of the provisions of the contract and not just the individual words, phrases or paragraphs. *Id.* If the language is clear and unambiguous, we give the language its plain and ordinary meaning. *Id.* An ambiguity does not exist merely because the parties proffer differing interpretations of the policy language.

*Id.* We must accept an interpretation of the contract language that harmonizes the provisions, rather than one that supports conflicting versions of the provisions. *Id.* Additionally, the power to interpret contracts does not extend to changing their terms and we will not give insurance policies an unreasonable construction to provide additional coverage. *Id.*

Motorists Mutual's claim revolves around the following language inserted in the policy:

## PART A—LIABILITY COVERAGE
## INSURING AGREEMENT

A. We will pay damages for bodily injury or property damage for which any insured becomes legally responsible because of an auto accident . . .

B. "Insured" as used in this Part means:

 1. You or any family member for the ownership, maintenance or use of any auto or trailer.

 . . . .

## DEFINITIONS

A. Throughout the policy, "you" and "your" refer to:

 1. The "named insured" shown in the Declarations; and

 2. The spouse if a resident of the same household.

F. "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.

J. "Your covered auto" means:

 1. Any vehicle shown in the Declarations.

 2. A newly acquired auto.

 3. Any trailer you own.

 4. Any auto or trailer you do not own while used as a temporary substitute for any other vehicle described in this

definition which is out of normal use
. . .

. . . .

## EXCLUSIONS

. . . .

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

. . . .

3. Any vehicle, other than your covered auto, which is:

a. owned by any family member; or

b. furnished or available for the regular use of a family member.

(Appellants' Suppl. App. pp. 24 and 25).

In their respective briefs, both parties agree that Bertha was a named insured under the policy, that Aaron qualifies as a family member pursuant to the policy's definitions, and that the vehicle involved in the accident was owned by Aaron. Focusing on the policy's exclusionary clause, Motorists Mutual now asserts that because Aaron's car was not a covered car under the policy, but was insured by a different insurance company, no liability coverage is required for the accident.

By judgment dated November 21, 2007, the trial court found that Bertha had "executed a financial responsibility form [pursuant to I.C. § 9–24–9–3] by which she agreed to bear responsibility for any injuries or damages which other persons sustained by reason of [Aaron's] operation of a motor vehicle." (Appellants' Suppl. App. p. 8). Once the trial court determined that Aaron was 100 percent at fault for the accident, Bertha became legally responsible by virtue of her execution of the financial responsibility form. As such, Motorists Mutual's policy came into play as it promised to "pay damages for bodily injury or property damage for which any insured becomes legally responsible because of an auto accident" (Appellants' Suppl. App. p. 24).

Nevertheless, the policy clearly provides that there is no "Liability Coverage for the ownership, maintenance or use of: . . . B(3) any vehicle, other than your covered auto, which is: owned by any family member," (Appellants' Suppl. App. p. 25). In *Cincinnati Ins. Co. v. Moen,* 940 F.2d 1069, 1074–75 (7th Cir.1991), the seventh circuit, applying Indiana law, held that identical exclusionary language in a homeowner's policy operated to release an insurer from liability when the family member owned the noncovered automobile involved in the accident. We agree. The designated evidence reflects that Aaron, a family member, owned the Chevrolet Berretta which was not a covered auto under the policy. As such, Motorists Mutual is not obligated to provide liability coverage.

However, in support of their argument that coverage is provided under Motorists Mutual's policy, the Wroblewskis claim that the exclusionary language as found in part B of the policy does not apply as Bertha's "liability does not arise from the ownership, maintenance or use of an excluded vehicle but rather [ ] from the statutory liability imposed on her by [I.C. §§ 9–24–9–3; 9–24–9–4]." (Appellees' Br. p. 5). The Wroblewskis focus our attention on *Selleck v. Westfield Ins. Co.,* 617 N.E.2d 968, 969 (Ind.Ct.App.1993), *trans. denied,* where Selleck sought to collect from a father's homeowner's policy, held by Westfield, for injuries that the father's son had caused to Selleck in an automobile accident. Like Bertha, the father had assumed liability pursuant to I.C. § 9–24–9–3. *Id.* Westfield argued that it had no obligation to provide coverage because the father's homeowner's policy included an exclusionary provision stating that there was no coverage for liability arising "under

any other contract or agreement." *Id.* at 970. Selleck asserted that this exclusion did not apply because the father did not assume any liability to him when he signed the financial responsibility agreement and that this exclusion only applied to contractual liability, not to tort or statutory liability. *Id.* We disagreed and looking at the plain language of the provision determined that the words "any other contract or agreement" mean what they say. *Id.* As such, we applied the policy's exclusion. *Id.*

Based on *Selleck,* the Wroblewskis now claim that because Motorists Mutual's policy does not include an exclusion for liability created by contract or agreement, the policy necessarily provides coverage for Alexis' damages. We disagree. Even though Bertha's liability derives from her signature on a financial responsibility form pursuant to I.C. § 9-24-9-3, it is the language of the policy that determines whether this liability is covered by an insurance company. We have previously held that an insurance policy that is unambiguous must be enforced according to its terms, even those terms that limit an insurer's liability. *Amerisure, Inc. v. Wurster Constr. Co.,* 818 N.E.2d 998, 1002 (Ind.Ct. App.2004), *clarified on reh'g on other grounds,* 822 N.E.2d 1115 (Ind.Ct.App. 2005). We may not extend insurance coverage beyond that provided by the unambiguous language in the contract. *Id.* Here, the unambiguous provisions of the policy clearly include an exclusion that applies to accidents involving non-covered automobiles owned by family members. Even though Aaron was a family member, his car was not covered under Motorist Mutual's policy. Therefore, we conclude that the trial court erred in granting summary judgment in favor of the Wroblewskis.

## CONCLUSION

Based on the foregoing, we conclude that the trial court erred in granting sum-mary judgment to the Wroblewskis. We reverse and remand to the trial court with instruction to enter summary judgment in favor of Motorists Mutual.

Reversed and remanded.

BAILEY, J., and BRADFORD, J., concur.