**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 30 2013, 8:37 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SHEILA M. SULLIVAN**
Flynn & Sullivan PC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

**JOSEPH M. DIETZ**
**ANDREW M. SUMERFORD**
Meils Thompson Dietz & Berish
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| UNITED FARM FAMILY MUTUAL INSURANCE CO., | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1211-PL-914 |
| | ) | |
| INDIANA INSURANCE CO. and ROYAL CROWN BOTTLING CORP., | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable S. K. Reid, Special Judge
Cause No. 49D06-1111-PL-042852

**May 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

United Farm Family Mutual Insurance Company ("Farm Bureau") appeals the trial court's grant of summary judgment in favor of Indiana Insurance Company and Royal Crown Bottling Corporation ("RC"). Farm Bureau contends that the spouse of a RC employee was a permissive user of a company car, so RC's auto insurance provided through Indiana Insurance should cover the damage from an accident the spouse was involved in. Finding that there is no genuine issue of material fact that the spouse was not a permissive user because RC's employee handbook expressly prohibited personal use of the company car without management approval, we affirm.

**Facts and Procedural History**

Richard Johnson began working for RC on January 6, 2003, and his supervisor was Don Basham. When he was hired, Johnson received the employee handbook and signed a form indicating that he had read it. The handbook contained the following language regarding company cars: "Company vehicles may be used only for Company business. Personal use of Company vehicles is not permitted *without express approval of management*." Appellee's App. p. 56 (emphasis added).

About a year after he was hired, Johnson received a company car that he could take home after work hours. Basham gave Johnson the authorization to take the car home and did not give any explicit limitations on its use. However, Basham stated in his affidavit that it was standard practice to give permission to only the RC employee to use a company car. *Id.* at 30. Indiana Insurance insured the company car, and Farm Bureau insured the personal cars of Johnson and his wife, Kristi. Johnson let Kristi drive the

company car to her job two or three days a week, but he never informed anyone at RC about it, nor did Kristi ever receive express approval to drive the company car.

In 2009, Basham retired and Randy Privette became Johnson's supervisor. Privette did not know that Kristi was using the company car, nor was he aware of any corporate culture at RC that allowed spouses to use company cars whenever they saw fit. *Id.* at 72-73. On July 29, 2009, Kristi was driving the company car when she was involved in an accident. Johnson was not present during the accident, but when he called Privette to report the accident, he initially told Privette that he was the one who was driving. Johnson even listed himself as the driver on the original accident report. However, Johnson eventually told Privette that Kristi was the one who was driving, and he corrected the accident report so that it accurately reflected that Kristi was the driver.

After the accident, Privette had a "verbal counseling session" with Johnson about not letting Kristi drive the car because she did not have permission to do so. *Id.* at 69. RC's safety manager also reprimanded Johnson, telling him that he should not have let his wife drive the company car.

The other parties involved in the accident filed a tort action in Vigo Superior Court for damages. The Johnsons' insurer, Farm Bureau, filed a complaint for declaratory judgment, seeking a declaration that Indiana Insurance owed primary coverage for the accident since Kristi was driving a car owned by RC. Indiana Insurance filed a third-party complaint against Kristi and Johnson. Indiana Insurance also moved for summary judgment against Farm Bureau's complaint for declaratory judgment, arguing that there was no coverage under RC's policy for Kristi's accident. The trial court entered

3

summary judgment on the complaint for declaratory judgment in favor of Indiana Insurance.

Farm Bureau now appeals.

**Discussion and Decision**

When reviewing the entry or denial of summary judgment, our standard of review is the same as that of the trial court: summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C); *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1269 (Ind. 2009). All facts established by the designated evidence, and all reasonable inferences from them, are to be construed in favor of the nonmoving party. *Naugle v. Beech Grove City Sch.*, 864 N.E.2d 1058, 1062 (Ind. 2007).

Farm Bureau contends that there is an issue of material fact as to whether Kristi was a permissive user of the company car and therefore insured under RC's insurance policy, making summary judgment in favor of Indiana Insurance erroneous. We disagree.

The policy at issue in this case defined as "insureds:" "a. You for any covered 'auto'. b. Anyone else while using with your permission a covered 'auto' you own, hire or borrow . . . ." Appellee's App. p. 103. This is known as an omnibus clause, and as is required under Indiana law, the policy must at least insure the owner against liability when others drive the insured car with the insured's express or implied permission. *See* Ind. Code § 27-1-13-7(a). In determining whether a driver is covered under the insured's policy, Indiana has adopted the "liberal rule," which provides that:

> one who has permission of an insured owner to use his automobile continues as such a permittee while the car remains in his possession, even

4

though that use may later prove to be for a purpose not contemplated by the insured owner when he entrusted the automobile to the use of such permittee.

*Briles v. Wausau Ins. Co.*, 858 N.E.2d 208, 213 (Ind. Ct. App. 2006) (citing *Arnold v. State Farm Mut. Auto Ins. Co.*, 260 F.2d 161, 165 (7th Cir. 1958)). However, "permissive use cannot be implied when an express restriction on the scope of permission prohibits the use at issue." *Id.* at 214.

The evidence presented in support of Indiana Insurance's motion for summary judgment shows that RC placed an express restriction on the scope of permission given to drive the company car at issue. The company handbook specifically stated that company cars were not to be used for personal use "without *express approval of management*." Appellee's App. p. 56 (emphasis added). Johnson was the only individual who was given express permission to use this particular company car; Kristi never sought permission from anyone at RC to drive the company car, and Basham testified that if Kristi had asked him if she could have permission to drive the car, he would have said no. *Id.* at 30. Testimony from Privette and Basham also specifically shows that RC did not allow spouses of employees to drive company cars without special permission. *Id.* at 30, 71-73. Additionally, Johnson testified to reading the company handbook before being hired and being aware of the requirement of obtaining express permission before using the company car for personal use. *Id.* at 14, 24.

Farm Bureau also contends that RC "up-sold" the company car as a perk of employment to Johnson, going so far as to say that he could do away with the costs of having a second car and a second insurance policy, so Johnson believed that his wife

5

could also use the company car at any time. Appellant's App. p. 23. As a result, Farm Bureau argues that Indiana Insurance is estopped from arguing that its employee handbook prevented Kristi's use of the company ar. The elements of promissory estoppel are (1) a promise by the promisor; (2) made with the expectation that the promisee will rely thereon; (3) which induces reasonable reliance by the promisee; (4) of a definite and substantial nature; and (5) injustice can be avoided only by enforcement of the promise. *Brown v. Branch*, 758 N.E.2d 48, 52 (Ind. 2001).

However, we find that promissory estoppel does not apply here, as there has been no evidence presented of any reasonable reliance by Johnson on a promise made by RC. Johnson testified that RC management told him that he could do away with the expenses of having a second car because of the company car. Appellant's App. p. 23. However, no evidence was presented that Johnson or Kristi actually got rid of any personal car, cancelled insurance on any personal car, or acted in any other way that would indicate reliance upon the promise made by RC management, negating Farm Bureau's promissory estoppel argument.

Finally, Farm Bureau contends that RC acquiesced to Kristi's use of the company car through Basham's actions. "[E]ven when an employer maintains a company policy which prohibits the use of company vehicles for certain reasons, coverage will apply under an omnibus clause where the employer acquiesces in an employee's violation of company policy by relaxing those prohibitions." *Briles*, 858 N.E.2d at 214-15. Farm Bureau argues that because Basham saw Kristi drive the company car to a company event and made light of the fact that Johnson was not driving, he single-handedly relaxed the

6

company's policy on personal use of company cars. Appellant's Br. p. 10. However, we find that this one instance is not sufficient to hold that Basham relaxed RC's company policy. To do so would be to allow an individual employer to undermine a company's rules through a single action or inaction, which we do not believe is what was intended by the holding in *Briles*.

We therefore find that Farm Bureau has failed to show that the trial court erred by entering summary judgment in favor of Indiana Insurance. There is no genuine issue of material fact that Kristi was not a permissive user of the company car and therefore not an insured under RC's policy. We affirm the trial court.

Affirmed.

KIRSCH, J., and PYLE, J., concur.