

**FILED**

May 16 2018, 8:54 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Ryan O. Farner
Thomas E. Rosta
Metzger Rosta, LLP
Noblesville, Indiana

ATTORNEYS FOR APPELLEE

Richard R. Skiles
Carlo T. Girolamo
Skiles Detrude
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

American Access Casualty
Company,

*Appellant-Defendant,*

v.

Cincinnati Insurance Company,

*Appellee-Plaintiff.*

May 16, 2018

Court of Appeals Case No.
29A02-1712-CT-2792

Appeal from the Hamilton
Superior Court

The Honorable Jonathan Brown,
Judge

Trial Court Cause No.
29D02-1312-CT-11485

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, American Access Casualty Company (American Access), appeals the trial court's denial of its motion for summary judgment on Appellee-Plaintiff's, Cincinnati Insurance Company (Cincinnati Insurance), third party Complaint for declaratory judgment.

We affirm.

# ISSUE

American Access presents us with one issue on appeal, which we restate as: Whether the business use exception in American Access' insurance policy bars coverage to Cincinnati Insurance.

# FACTS AND PROCEDURAL HISTORY

On August 4, 2013, Roland Hall (Hall), while riding a bicycle along Cumberland Road, was struck by a vehicle driven by Jairiel Berfect (Berfect). The vehicle driven by Berfect was owned by Demelece Stewart (Stewart). At all times relevant to this case, both Berfect and Stewart were insured by American Access under separate insurance policies. At the time of the accident, Berfect was employed part-time by Advantage Home Health Care (Advantage Home) as a home health aid and was scheduled to visit two patients. When the incident occurred, Berfect had concluded one appointment and was on her way to work her shift at a second patient's residence. Advantage Home "does not compensate home health aides for their travel time to patient's [sic] homes" or pay mileage for travel time. (Appellee's App. Vol.

II, p. 30). "Home health aide employees are paid only for on premise services performed at a patient's residence." (Appellee's App. Vol. II, p. 30). Advantage Home is insured by Cincinnati Insurance.

[5] Hall filed a complaint against Berfect and Advantage Home, alleging damages resulting from the collision.[1] On February 6, 2016, Advantage Home tendered its request to American Access to provide a defense to Advantage Home in the cause against Hall. American Access did not respond to the tender request. On October 18, 2016, in an effort to determine several coverage issues, Cincinnati Insurance, as Advantage Home's insurer, filed a third party Complaint for declaratory judgment, seeking a judgment as to American Access' defense and indemnity obligations to Advantage Home and the priority of coverage as to the respective Berfect and Stewart policies and Cincinnati's insurance policy, and asserting, in part, that American Access had a duty to defend Advantage Home as "Advantage [Home] is an insured under the Berfect Policy[.]" (Appellant's App. Vol. II, p. 32).

[6] On January 27, 2017, Cincinnati Insurance filed a motion for summary judgment with respect to the coverage issues. The trial court granted the motion in the third party action and concluded that: (1) the American Access policy issued to Stewart provided primary coverage for Berfect and Advantage Home; (2) Berfect and Advantage Home were insureds under the American

---

[1] The claims between Hall and Berfect were settled on April 18, 2017, and are not part of this appeal.

Access policy issued to Berfect; (3) as an insured under both the Stewart policy and the Berfect policy, American Access owed Advantage Home a defense of the claims brought by Hall; and (4) Berfect is not an insured under the Cincinnati Insurance policy issued to Advantage Home.

[7]     On May 2, 2017, American Access filed its motion for summary judgment, together with a memorandum of law, and designation of evidence, contending that American Access owed no duty to provide coverage as the policy excludes coverage "if the insured vehicle in question is being used for business purposes." (Appellee's App. Vol. II, p. 3). On September 7, 2017, Cincinnati Insurance filed its response in opposition, memorandum of law, and designation of evidence. On October 30, 2017, after a hearing, the trial court issued its Order, denying American Access' motion for summary judgment. The trial court concluded, in pertinent part:

> The American Access policy contains an exclusion from coverage if the insured vehicle was being used for business use at the time of a crash. The provision in question is as follows:
>
>> "This policy does not apply to and does not provide coverage under Part A – 'Bodily Injury Liability and Property Damage Liability' Coverage for: . . . (b) any automobile while used in the delivery, or any activity associated with delivery, of food, mail, newspapers, magazines, or packages for an employer or business or in any trade or business.
>
> * * * * The [c]ourt finds the interpretation that harmonizes the terms of this exclusion is that the exclusion applies when the

automobile is being used in delivery situations for a business. At the time of the accident, Berfect was not delivering anything in particular to her next customer. She was not using the vehicle for the delivery of food, mail, newspapers, magazines or packages. These are activities for which coverage would absolutely be excluded. Berfect was using the vehicle to travel between work locations for the benefit of her employer and herself. This fact is not disputed by the parties.

Further, the [c]ourt must also harmonize the final clause of the provision. In so doing, this [c]ourt interprets the final clause of the provision to be a reference back to the delivery of goods. Namely, the section that states "an employer or business or in any trade or business" references back to the delivery element of the provision, for which nothing was being physically delivered by Berfect to the subsequent location she was reporting to for work. Berfect was not being paid during her interim period between job assignments nor was she delivering goods.

This [c]ourt is not holding that American Access cannot have a business-use exception in a policy, just that such exception needs to be set forth more clearly and not be ambiguous.

(Appellant's App. Vol. II, pp. 23-25).

[8] American Access now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

## I. *Standard of Review*

[9] In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *First Farmers Bank & Trust Co. v. Whorley*,

891 N.E.2d 604, 607 (Ind. Ct. App. 2008), *trans. denied*. Thus, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id*. at 607-08. In doing so, we consider all of the designated evidence in the light most favorable to the non-moving party. *Id*. at 608. A fact is 'material' for summary judgment purposes if it helps to prove or disprove an essential element of the plaintiff's cause of action; a factual issue is 'genuine' if the trier of fact is required to resolve an opposing party's different version of the underlying facts. *Ind. Farmers Mut. Ins. Group v. Blaskie*, 727 N.E.2d 13, 15 (Ind. 2000). The party appealing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *First Farmers Bank & Trust Co.*, 891 N.E.2d at 607. When the defendant is the moving party, the defendant must show that the undisputed facts negate at least one element of the plaintiff's cause of action or that the defendant has a factually unchallenged affirmative defense that bars the plaintiff's claim. *Id*. Accordingly, the grant of summary judgment must be reversed if the record discloses an incorrect application of the law to the facts. *Id*.

[10] We observe that, in the present case, the trial court entered findings of fact and conclusions of law in support of its judgment. Special findings are not required in summary judgment proceedings and are not binding on appeal. *AutoXchange.com. Inc. v. Dreyer and Reinbold, Inc.*, 816 N.E.2d 40, 48 (Ind. Ct. App. 2004). However, such findings offer this court valuable insight into the trial court's rationale for its review and facilitate appellate review. *Id*.

## II. *Designated Evidence*

[11]     Prior to turning to the merits of this case, we need to address a contention between both parties with respect to the evidence necessary to be included in the Appellant's Appendix. Contending that the sole issue before this court is the interpretation of the policy's exclusion clause and concerned about "overwhelming the Court of Appeals with extra items that are completely unnecessary to resolution of the issue," American Access provided in its Appendix only the chronological case summary, the trial court's Order, the third party Complaint, and American Access' insurance policy. (Appellant's Reply Br. p. 8). American Access maintains that no other evidence is necessary to decide the issue and therefore all other submissions are irrelevant. However, should other evidence be required, American Access maintains that "Cincinnati [Insurance] included all such material in their appendix." (Appellant's Reply Br. p. 10).

[12]     The purpose of the appendix in civil appeals it to provide us "only those parts of the record on appeal that are necessary for the Court to decide the issues presented." Ind. Appellate Rule 50(A)(1). "The appellant's Appendix shall contain . . . copies of the following documents . . . (f) pleadings and other documents from the Clerk's Record in chronological order that are necessary for resolution of the issues raised on appeal." App. R. 50(A)(2)(f). When reviewing the grant of a motion for summary judgment, we may consider only those portions of the pleadings, depositions, and any other matter specifically designated to the trial court for purposes of the motion for summary judgment.

*SLR Plumbing & Sewer, Inc. v. Turk*, 757 N.E.2d 193, 198 (Ind. Ct. App. 2001). Thus, when appealing the grant or denial of a motion for summary judgment, it is incumbent on the appellant to include "within their appellant's appendix all documents relating to the disposition of the motion for summary judgment, including any documents that [appellee] designated and filed with the trial court." *Kelly v. Levandowski*, 825 N.E.2d 850, 856 (Ind. Ct. App. 2005), *trans. denied*. In other words, American Access' Appendix falls woefully short as it omits the motion for summary judgment, the response thereto, the parties' respective memoranda, and the designated evidence. Even though Cincinnati Insurance submitted an Appellee's Appendix, which was complete and contained all designated materials necessary for this court's review, we caution American Access that it is the Appellant's obligation to present an adequate record on appeal to permit a fair and intelligent review of the issue before us. *See Rausch v. Reinhold*, 716 N.E.2d 993, 1002 (Ind. Ct. App. 1999), *trans. denied*.

## II. *Exclusion of Coverage*

[13] Turning to the merits of American Access' argument, the insurance company contends that although Cincinnati Insurance is recognized as an insured under its policy, coverage is nevertheless precluded due to the business use exclusion. Insurance policies are governed by the same rules of construction as other contracts. *Briles v. Wausau Ins. Companies*, 858 N.E.2d 208, 213 (Ind. Ct. App. 2006). As with other contracts, the interpretation of an insurance policy is a question of law. *Id*. When interpreting an insurance policy, our goal is to ascertain and enforce the parties' intent as manifested in the insurance contract.

*Id.* We construe the insurance policy as a whole and consider all of the provisions of the contract and not just the individual words, phrases or paragraphs. *Id.* If the language is clear and unambiguous, we give the language its plain and ordinary meaning. *Id.* An ambiguity exists where a provision is susceptible to more than one interpretation and reasonable persons would differ as to its meaning. *Id.* However, an ambiguity does not exist merely because the parties proffer differing interpretations of the policy language. *Id.* We must accept an interpretation of the contract language that harmonizes the provisions, rather than one that supports conflicting versions of the provisions. *Id.* Additionally, the power to interpret contracts does not extend to changing their terms and we will not give insurance policies an unreasonable construction to provide additional coverage. *Id.*

[14] In the case at bar, the insurance policy excludes from coverage:

> Any automobile while used in the delivery, or any activity
> associated with delivery, of food, mail, newspapers, magazines,
> or packages for an employer or business or in any trade or
> business[.]

(Appellant's App. Vol. II, p. 41). Focusing on the language of the business use exclusion, American Access contends that "[t]he first few clauses of the exclusion are meant to identify specific instances the exclusion is meant to cover (*i.e.* delivery of food, mail, etc.) and then the last clause is meant as a catch all to cover all other non-listed trade or business activities (*i.e.* or in **any** trade or business)." (Appellant's Br. p. 7). Claiming that Berfect was using the

vehicle for business at the time of the collision, American Access maintains that it can deny coverage. Like the trial court, we are not persuaded.

[15] If the exclusion, as American Access claims, bars coverage every time a vehicle is being used for business purposes, it logically includes the situation when the vehicle is being used for delivery for a business. Such interpretation would render the beginning of the exclusion superfluous and meaningless. Rather, in order to harmonize all the terms of the exclusion, we find that the final clause "any trade or business"—especially in the absence of a comma—references back to the initial part of the clause, "delivery, or any activity associated with delivery[.]" (Appellant's App. Vol. II, p. 41). As such, no coverage is offered when the vehicle is used in the delivery of items for an employer or business or in a trade or business—with 'business' qualifying 'employer' and 'trade.'

[16] Here, it is undisputed that Berfect was not delivering anything. At the time of the accident, she was driving from one patient to the next. Moreover, even if we were to interpret the exclusion as encouraged by American Access, the business use exclusion would still not bar coverage. Pursuant to her employment with Advantage Home, Berfect's traveling expenses are not reimbursed; instead, she is paid only for on-premises services performed at a patient's residence. Thus, her time and expense to drive from one patient to the next are not within her employment remuneration. Accordingly, in the situation before us, the business use exclusion of American Access' policy has no application. "It is well settled law that a condition or exclusion in an insurance policy must clearly and unmistakably bring within its scope the

particular act or omission that will bring the condition or exclusion into play in order to be effective, and coverage will not be excluded or destroyed by an exclusion or condition unless such clarity exists." *Asbury v. Indiana Union Mut. Ins. Co.*, 441 N.E.2d 232, 241 (Ind. Ct. App. 1982). Therefore, we affirm the trial court's denial of American Access' motion for summary judgment.[2]

# CONCLUSION

[17] Based on the foregoing, we conclude that the business use exception in American Access' insurance policy is ambiguous and does not bar coverage to Cincinnati Insurance.

[18] Affirmed.

[19] May, J. and Mathias, J. concur

---

[2] An unpublished memorandum decision by the Appellate Court of Illinois in *American Access Cas. Co. v. Rodriguez*, 2014 WL 527307 (Ill Ct. App., Febr. 6, 2014), analyzed the same exclusion under nearly identical circumstances and rejected the same argument made by American Access in the instant case. Rodriguez was driving her personal vehicle from one meeting for her employer to another meeting when she struck a pedestrian. In affirming the trial court's conclusion that the exclusion was ambiguous, the Appellate Court of Illinois addressed the ambiguity in the exclusion as follows:

> At first glance, it appears the policy exclusion at issue here only encompasses a delivery-use exclusion to coverage, as each separate exclusion appears to be separated by subparagraphs and not combined within subparagraphs. However, a closer look at the language of subsection (b) reveals that it is unclear whether the phrase "or in any trade or business" is intended to be separate from the rest of the delivery-use exclusion encompassed in subsection (b), thereby acting as a broad business-use exclusion, or whether the "or in any trade or business" phrase modifies the language in subsection (b) to include exclusions on deliveries in "any trade or business." As such, we find that the language if the exclusion in subsection (B) of the [American Access] policy is susceptible to more than one reasonable interpretation and, therefore, is ambiguous.

*Id*. at 3.