Jeffrey A. GREGG and Mike Simpson and United Farm Family Mutual Insurance Company, Appellants–Defendants,

v.

Jeffrey A. COOPER and Brenda L. Cooper, Appellees–Plaintiffs.

No. 61A05–0312–CV–604.

Court of Appeals of Indiana.

July 27, 2004.

David L. Clark, Clark & Steedman, Evansville, IN, Attorney for Appellants.

Keith L. Johnson, Terre Haute, IN, Attorney for Appellees.

## OPINION

SHARPNACK, Judge.

In this consolidated appeal, United Farm Family Mutual Insurance Co. ("United Farm") appeals the trial court's declaratory judgment in favor of Jeffrey A. Cooper ("Cooper") and Brenda L. Cooper (collectively, "the Coopers") and the denial of its motion to correct error, and Mike Simpson appeals the trial court's denial of his motion for summary judgment. United Farm and Simpson raise two issues, which we restate as:

I. Whether the trial court's findings of fact and conclusions thereon granting declaratory judgment to the Coopers on the issue of coverage under the insurance policy issued by United Farm are clearly erroneous; and

II. Whether the trial court erred by denying Simpson's motion for summary judgment.

We reverse and remand.

The relevant facts follow. This litigation arose as a result of a tractor-vehicle collision between Jeffrey A. Gregg and Cooper in which Cooper suffered personal injuries. Gregg sometimes helped his father-in-law, Simpson, with Simpson's farming operations, although he helped more during the planting and harvesting seasons than the rest of the year. Simpson did not pay Gregg for his help on the farm, but Gregg was "welcome to use anything [Simpson] ha[d]." Appellants' Appendix at 76. Gregg had "free access to the tractor anytime he wanted" because of the family relationship. *Id.* at 33.

On June 12, 1998, Gregg was moving bales of hay from Ralph Bruin's property in Parke County, Indiana to Gregg's nearby property to feed his own cattle. Gregg was using Simpson's tractor to move the bales across a county road. At the same time that Gregg was using the tractor to move his bales, Cooper was operating his vehicle on the county road, and Gregg and Cooper collided.

Simpson was insured under a policy with United Farm ("Policy"). Part IV of the Policy provided:

> If a claim is made or a suit is brought against any insured for compensatory damages because of bodily injury or property damage caused by an occurrence to which this coverage applies, we:
>
> 1. pay up to our limit of liability for the compensatory damages for which any insured is legally liable . . .

Appellees'. Appendix at 10. Further, the Policy provided:

## POLICY DEFINITIONS

You, your—means the person or persons shown on the declarations page of this policy as Named Insured(s) and that person or person's spouse if a resident of the same household. . . .

\*　　\*　　\*　　\*　　\*　　\*

Insured—means:

\*　　\*　　\*　　\*　　\*　　\*

2. Under Part IV only:

\*　　\*　　\*　　\*　　\*　　\*

e. any of your employees while acting within the scope of their duties as

such in operations covered by this policy;

\* \* \* \* \* \*

g. with respect to any vehicle to which this policy applies, any person while operating the vehicle with an insured's permission in your farming operations.

Appellants' Appendix at 98. The Policy also defines a farm employee as:

Farm employee—means any insured's employee who performs duties in connection with your farming operations, including any person working for any insured under an insured's direction through an exchange labor agreement. Farm employee does not include:

1. you or any of your unmarried children under the age of 18 residing in your household;

2. any employee while engaged in any insured's business.

*Id.* at 99.

The Coopers filed a complaint against Gregg, Simpson, and United Farm. In Count I, the Coopers alleged that Cooper was injured as a result of Gregg's and Simpson's negligence.[1] The Coopers alleged that Gregg was an "agent/employee" of Simpson. *Id.* at 88. In Count II, the Coopers requested a declaratory judgment that the Policy provided liability coverage for the accident.

Simpson filed a motion for summary judgment as to Count I and argued that Gregg was not his employee or agent at the time of the accident. The trial court denied Simpson's motion for summary judgment.[2] A bench trial was held on Count II, the declaratory judgment count. United Farm argued that Gregg was not

an insured under the Policy. The trial court entered judgment in favor of the Coopers, in part, as follows:

### FINDINGS OF FACT

\* \* \* \* \* \*

4. The policy defines "farm employees" to mean any employee who performs duties in connection with the farming operations, including any person working for an insured under an insured's direction through an exchange labor agreement. The Court finds that Gregg performs duties in connection with the farming operation, and that the policy clearly contemplates an exchange of equipment for labor being a part of the farming operation. The policy does not define, or in any way limit the terms, "farming operation" nor "exchange labor agreement." "Insured" section "e" clearly contemplates insuring any permissive user of a covered vehicle so long as the use is related in any way to Simpson's farm operation.

5. On June 12, 1998, Gregg was a "farm employee" under the policy because a) Gregg provided labor in exchange for use of Simpson's tractor, and b) Gregg's use of the tractor was at all times subject to Simpson's direction and control.

6. Gregg's use of Simpson's tractor on June 12, 1998, was the consideration for his labor which created the exchange labor agreement, and thus any usage was part and parcel of Simpson's farming operation. Specifically, Gregg had worked for Simpson for years on the farm, par-

---

1. The Coopers settled their claim against Gregg through mediation.

2. The trial court certified this order for interlocutory appeal pursuant to Ind. Appellate Rule 14(B).

ticularly during the planting and harvest seasons. In exchange Gregg was allowed to use the involved farm tractor to, among other things, collect hay for Gregg's cattle. This is exactly what occurred on June 12, 1998. Farm Family acknowledges this farming custom by including such agreements in its policy definition of "farm employee."

7. The operation of the farm tractor by Gregg on June 12, 1998, was in connection with an exchange labor agreement so that Gregg would be considered a farm employee under the policy and the permissive use of the tractor a part of the farming operation.

8. Simpson testified that he had the absolute right to control Gregg's use of the tractor at the time and knew that Gregg (along with Simpson's son) was using the tractor to harvest hay. The test for determining a master-servant relationship is whether one has the right to direct and control the conduct at the time of this incident. There is no legal requirement that Simpson actually exert control or otherwise direct the conduct in question so long as Simpson had the right to do so. Simpson had the right to direct and control the conduct of Gregg regarding the tractor's usage on June 12, 1998.

9. The policy provides coverage to Gregg while operating Simpson's farm tractor with his permission and under his control in exchange for Gregg's labor, all as a part and in connection with the Simpson's farming operation.

\* \* \* \* \* \*

### CONCLUSIONS OF LAW

\* \* \* \* \* \*

4. On June 12, 1998, [Gregg] was an insured under [United Farm's] policy number 37–1–0690358 and such policy therefore affords coverage for any occurrence for which Gregg is liable.

5. The law is in favor of the [Coopers] and against [United Farm].

\* \* \* \* \* \*

### JUDGMENT

The Court finds the law and facts are with the [Coopers] and against [United Farm] and declares that [Gregg] was an insured under the insurance policy issued by [United Farm], policy number 37–1–0690358, and that the policy affords liability coverage for the conduct of [Gregg] on June 12, 1998, as alleged in [the Coopers'] complaint.

*Id.* at 20–23. United Farm filed a motion to correct error, which the trial court denied.

### I.

The first issue is whether the trial court's findings of fact and conclusions thereon granting declaratory judgment to the Coopers that Gregg was insured under the Policy issued by United Farm are clearly erroneous. The trial court here requested proposed findings of fact and conclusions thereon on its own motion. Sua sponte findings control only as to the issues they cover. *Yanoff v. Muncy*, 688 N.E.2d 1259, 1262 (Ind.1997). When a trial court has made findings of fact, we review the sufficiency of the evidence using a two-step process. *Id.* First, we must determine whether the evidence supports the trial court's findings of fact. *Id.* Second, we must determine whether those findings of fact support the trial court's conclusions of law. *Id.* We will set aside the findings only if they are clearly errone-

ous. *Id.* "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." *Id.* "A judgment is clearly erroneous if it applies the wrong legal standard to properly found facts." *Id.*

In applying this standard, we neither reweigh the evidence nor judge the credibility of the witnesses. *Pitman v. Pitman,* 721 N.E.2d 260, 263–264 (Ind.Ct.App. 1999), *trans. denied.* Rather, we consider the evidence that supports the judgment and the reasonable inferences to be drawn therefrom. *Id.* To make a determination that a finding or conclusion is clearly erroneous, our review of the evidence must leave us with the firm conviction that a mistake has been made. *Yanoff,* 688 N.E.2d at 1262. On the other hand, a general judgment will control as to the issues upon which there are no findings. *Id.* "A general judgment entered with findings will be affirmed if it can be sustained on any legal theory supported by the evidence." *Id.*

 United Farm challenges the trial court's interpretation of the insurance policy. Insurance policies are governed by the same rules of construction as other contracts. *Bosecker v. Westfield Ins. Co.,* 724 N.E.2d 241, 243 (Ind.2000). "When interpreting an insurance policy, our goal is to ascertain and enforce the parties' intent as manifested in the insurance contract." *Burkett v. Am. Family Ins. Group,* 737 N.E.2d 447, 452 (Ind.Ct.App. 2000). We construe the insurance policy as a whole and consider all of the provisions of the contract and not just individual words, phrases, or paragraphs. *Id.* If the language is clear and unambiguous, we give the language its plain and ordinary meaning. *Id.* An ambiguity exists where a provision is susceptible to more than one interpretation and reasonable persons would differ as to its meaning. *Bosecker,*

724 N.E.2d at 244. However, "[a]n ambiguity does not exist merely because the parties proffer differing interpretations of the policy language." *Burkett,* 737 N.E.2d at 452. We must accept an interpretation of the contract language that harmonizes the provisions, rather than one that supports conflicting versions of the provisions. *Id.* Additionally, the power to interpret contracts does not extend to changing their terms, and we will not give insurance policies an unreasonable construction to provide added coverage. *Earl v. Am. States Preferred Ins. Co.,* 744 N.E.2d 1025, 1027 (Ind.Ct.App.2001), *reh'g denied, trans. denied.*

Although the trial court interpreted the insurance policy to mean that Gregg was an insured under Simpson's policy, United Farm argues that this finding is clearly erroneous and that Gregg does not fit within the definition of an insured under Simpson's policy. Part IV of the Policy provided:

> If a claim is made or a suit is brought against any insured for compensatory damages because of bodily injury or property damage caused by an occurrence to which this coverage applies, we:
>
> 1. pay up to our limit of liability for the compensatory damages for which any insured is legally liable ...

Appellees' Appendix at 10. Further, the Policy provided:

## POLICY DEFINITIONS

You, your—means the person or persons shown on the declarations page of this policy as Named Insured(s) and that person or person's spouse if a resident of the same household....

\* \* \* \* \* \*

Insured—means:

\* \* \* \* \* \*

2. Under Part IV only:

* * * * * *

e. any of your employees while acting within the scope of their duties as such in operations covered by this policy;

* * * * * *

g. with respect to any vehicle to which this policy applies, any person while operating the vehicle with an insured's permission in your farming operations.

Appellants' Appendix at 98. The Policy also defines a farm employee as:

Farm employee—means any insured's employee who performs duties in connection with your farming operations, including any person working for any insured under an insured's direction through an exchange labor agreement. Farm employee does not include:

1. you or any of your unmarried children under the age of 18 residing in your household;

2. any employee while engaged in any insured's business.

*Id.* at 99.

■ United Farm first argues that Gregg was not an "insured" under Section 2(e) of the Policy because he was not an employee of Simpson "acting within the scope of [his] duties as such in operations covered by this policy." *Id.* at 98. As noted above, the Policy defines a "farm employee" as "any insured's employee who performs duties in connection with your farming operations, including any person working for any insured under an insured's direction through an exchange labor agreement." *Id.* at 99. The trial court found that Gregg performed work for Simpson in exchange for the use of Simpson's equipment and found that this arrangement was "an exchange labor

agreement." Thus, the trial court found that Gregg was an employee and, because Gregg's use of the tractor was in connection with the exchange labor agreement, Gregg was acting within the scope of Simpson's farming operations. We disagree.

Regardless of whether Gregg was an employee under the exchange labor agreement, for Gregg to be an "insured" under the Policy, he must have been "acting within the scope of [his] duties as such in operations covered by this policy." *Id.* at 98. The exchange labor agreement did not automatically make Gregg's use of Simpson's equipment for Gregg's own personal dealings covered by Simpson's Policy. It is undisputed that at the time of the accident Gregg was moving bales of hay from Ralph Bruin's property to Gregg's nearby property to feed his own cattle and that the movement of the bales was not related to Simpson's farming operations. Gregg was not acting within the scope of his duties in Simpson's farming operations. Consequently, Gregg was not an "insured" under Section 2(e).

■ United Farm also argues that Gregg was not an "insured" under Section 2(g) of the Policy, which provides that an "insured" means "with respect to any vehicle to which this policy applies, any person while operating the vehicle with an insured's permission in your farming operations," because Gregg was not performing work in Simpson's farming operations. *Id.* It is undisputed that Gregg was using Simpson's tractor with Simpson's permission. However, Section 2(g) also requires that the usage of the tractor be "in [Simpson's farming operations.]" *Id.* Gregg was using the tractor to move bales of hay for his own cattle, and the movement of the bales was not related to Simpson's farming operations. Conse-

quently, Gregg is not an insured under Section 2(g).

Because Gregg is not an insured under Section 2(e) or Section 2(g) of Simpson's Policy, the Policy does not provide coverage for the accident. The trial court's grant of declaratory judgment to the Coopers on the liability coverage issue is clearly erroneous. Consequently, we reverse the trial court's grant of declaratory judgment in favor of the Coopers and the trial court's denial of the motion to correct error and remand for proceedings consistent with this opinion. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Leybman,* 777 N.E.2d 763, 767 (Ind.Ct.App.2002) (holding that the trial court's grant of declaratory judgment against the insurance company was clearly erroneous), *trans. denied.*

## II.

The next issue is whether the trial court erred by denying Simpson's motion for summary judgment. In Count I, the Coopers alleged that Cooper was injured as a result of Gregg's and Simpson's negligence. The Coopers alleged that Gregg was an "agent/employee" of Simpson. *Id.* at 88. Simpson filed a motion for summary judgment as to Count I and argued that Gregg was not his employee or agent at the time of the accident. The trial court denied Simpson's motion for summary judgment.

Our standard of review for a trial court's grant of a motion for summary judgment is well settled. On appeal, the standard of review of a grant or denial of a motion for summary judgment is the same as that used in the trial court: summary judgment is appropriate only where the designated evidence shows that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Corr v. Am. Family Ins.,* 767 N.E.2d 535, 537–538 (Ind.2002). The mov-

ing party must designate sufficient evidence to eliminate any genuine factual issues, and once the moving party has done so, the burden shifts to the nonmoving party to come forth with contrary evidence. *Shambaugh & Son, Inc. v. Carlisle,* 763 N.E.2d 459, 460–461 (Ind.2002). The court must accept as true those facts alleged by the nonmoving party, construe the evidence in favor of the nonmoving party, and resolve all doubts against the moving party. *Id.*

 Simpson argues that the trial court erred by denying his motion for summary judgment in which he argued that he was not liable for damages resulting from the accident because Gregg was not Simpson's employee or agent at the time of the accident. Respondeat superior imposes liability, where none would otherwise exist, on an employer for the wrongful acts of his employee that are committed within the scope of employment. *Stropes by Taylor v. Heritage House Childrens Ctr. of Shelbyville, Inc.,* 547 N.E.2d 244, 247 (Ind. 1989), *reh'g denied.* To be within the scope of employment, the employee must be in the "service of the employer." *Id.* (quoting *Shelby v. Truck & Bus Group Div. of GMC,* 533 N.E.2d 1296, 1298 (Ind. Ct.App.1989)). An employer is not liable for an independent tort committed by his employee where the act is done on the employee's own initiative and is not in the service of the employer. *Hollars v. City of Muncie,* 625 N.E.2d 469, 471 (Ind.Ct.App. 1993). However, "an employee's wrongful act may still fall within the scope of his employment if his purpose was, to an appreciable extent, to further his employer's business, even if the act was predominantly motivated by an intention to benefit the employee himself." *Stropes,* 547 N.E.2d at 247.

Here, it is undisputed that Gregg was moving bales of hay from Bruin's property

to Gregg's nearby property to feed his own cattle. Although Gregg was using Simpson's tractor to move the bales and Simpson could have stopped Gregg from using the tractor, the movement of the bales was not related to Simpson's farming operations. Despite Gregg and Simpson's arrangement to trade Gregg's labor for the use of Simpson's equipment, no evidence was designated to demonstrate that Gregg was acting within the scope of his employment with Simpson or acting to further Simpson's business at the time of the accident. Rather, Gregg was acting on his own initiative and for the benefit of himself. There were no genuine issues of material fact, and Simpson was entitled to judgment as a matter of law. Thus, the trial court erred by denying Simpson's motion for summary judgment. *See, e.g., Shelby*, 533 N.E.2d at 1298 (affirming the trial court's grant of summary judgment where the employee's "action, if intentional, was done on his own initiative and not in service of" the employer and, thus, the employer could not be held liable on a respondeat superior theory).

For the foregoing reasons, we reverse the trial court's declaratory judgment in favor of the Coopers on Simpson's policy with United Farm, the trial court's denial of the motion to correct error, and the trial court's denial of Simpson's motion for summary judgment, and remand for proceedings consistent with this opinion.

Reversed and remanded.

DARDEN, J., and ROBB, J., concur.