**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**FRED PFENNINGER**
**ANDREW HUBER**
Pfenninger & Associates
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**DAVID J. BEACH**
**BRIAN R. DEHEM**
Eichhorn & Eichhorn, LLP
Hammond, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| EVERGREEN SHIPPING AGENCY CORP., | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1112-CC-575 |
| | ) | |
| DJURIC TRUCKING, INC., | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Calvin D. Hawkins, Judge
Cause No. 45D02-1106-CC-422

**August 2, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Evergreen Shipping Agency, Inc. ("Evergreen") appeals from the trial court's entry of summary judgment for Djuric Trucking, Inc. ("Djuric") on Evergreen's complaint on account for charges allegedly owed under a contract between them. Evergreen raises a single issue for our review, namely, whether there is a genuine issue of material fact that precludes summary judgment for Djuric. We affirm.

## FACTS AND PROCEDURAL HISTORY

Evergreen is the owner of certain freight storage containers, and Djuric is a freight transport company. Both are parties to the Uniform Intermodal Interchange and Facilities Access Agreement ("UIIA"). Djuric has on occasion been hired by Hub City Terminals, Inc. ("Hub") to transport freight. As relevant here, in 2010 and 2011 Hub hired Djuric to transport freight one-way from Chicago to Indianapolis on behalf of Target Corporation ("Target"). Pursuant to Hub's request, Djuric transported the freight to Indianapolis using Evergreen's containers and received an authorized signature from Target. Target, in turn, agreed with Djuric to be responsible for any and all charges and/or fees assessed for the containers.

On June 9, 2011, Evergreen filed a complaint on account against Djuric. According to Evergreen, Djuric was responsible for the failure to return the containers owned by Evergreen. Evergreen alleged damages in excess of $34,000 for per diem charges.[1]

---

[1] In its appellate brief, Evergreen appears to take issue with the trial court's assessment that Evergreen's complaint was based on per diem charges. See Appellant's Br. at 13. But Evergreen goes on to state, on the very next page of its brief, that it is "these per diem charges that are [at] issue in this lawsuit." Id. at 14.

Between August and October 2011, Evergreen and Djuric filed cross motions for summary judgment. In support of its motion, Evergreen designated the UIIA, on which it had based its claim. The UIIA defines "[p]er [d]iem" charges as "[c]harges to be paid when intermodal [e]quipment is not returned by the end of the allowable free time to its origin or another location, <u>as previously agreed to</u> by the Parties." Appellant's App. at 166 (emphasis added). Further, a "[p]rovider may permit some period of uncompensated use and thereafter impose use charges," but any such charges must be "set forth in [an] Addendum." <u>Id.</u> at 169. The UIIA defines "Addendum/Addenda" as the "[p]roviders' schedule of economic and commercial terms not appropriate for inclusion in the [UIIA] and other terms and conditions of [e]quipment use," that is, a separate collateral agreement. <u>Id.</u> at 165. And the UIIA requires that any agreement, including an addendum, be in writing and signed by the parties. <u>Id.</u> at 171.

Along with the UIIA, Evergreen designated the affidavit of Ted Dost, one of its managers, who stated that the UIIA required Djuric to pay per diem charges to Evergreen. But Evergreen did not designate a separate written agreement with Djuric, and, in support of its own motion for summary judgment, Djuric designated the affidavit of Jim Djuric, president of Djuric. According to Jim's affidavit, Djuric had no separate agreements with Evergreen. <u>Id.</u> at 104. And, when pressed by the trial court at the summary judgment hearing, Evergreen's counsel was unable to confirm that any

---

We also note that the parties refer to per diem charges, use charges, and storage charges throughout their briefs but only "per diem" charges are a defined term in the UIIA. <u>See</u> Appellant's App. at 166. While the UIIA also uses the undefined terms "use charges" and "storage charges," these charges are identical to the UIIA's definition of per diem charges, as indicated by the parties' interchangeable use of these terms. <u>See id.</u> at 166, 169. We refer only to the UIIA's defined term of per diem charges.

agreement other than the UIIA existed between Evergreen and Djuric.  See Transcript at

12-13.  In any event, no separate written agreement was designated.

On November 16, the trial court entered summary judgment for Djuric on the basis

that Evergreen's "designated evidence fails to establish any agreement by which [Djuric]

is liable for any per diem [charges].  [Djuric's] designated evidence establishes that no

such agreement exists."  Appellant's App. at 5.  At the same time, the court denied

Evergreen's motion for summary judgment.  This appeal ensued.

## DISCUSSION AND DECISION

Evergreen appeals from the trial court's grant of summary judgment for Djuric.[2]

Our standard of review for summary judgment appeals is well established:

> When reviewing a grant of summary judgment, our standard of review is
> the same as that of the trial court.  Considering only those facts that the
> parties designated to the trial court, we must determine whether there is a
> "genuine issue as to any material fact" and whether "the moving party is
> entitled to a judgment a matter of law."  In answering these questions, the
> reviewing court construes all factual inferences in the non-moving party's
> favor and resolves all doubts as to the existence of a material issue against
> the moving party.  The moving party bears the burden of making a prima
> facie showing that there are no genuine issues of material fact and that the
> movant is entitled to judgment as a matter of law; and once the movant
> satisfies the burden, the burden then shifts to the non-moving party to
> designate and produce evidence of facts showing the existence of a genuine
> issue of material fact.

Dreaded, Inc. v. St. Paul Guardian Ins. Co., 904 N.E.2d 1267, 1269-70 (Ind. 2009)

(citations omitted).  The party appealing from a summary judgment has the burden of

persuading this court that the grant or denial of summary judgment was erroneous.

Knoebel v. Clark County Superior Court No. 1, 901 N.E.2d 529, 531-32 (Ind. Ct. App.

---

[2] Evergreen does not appeal from the trial court's denial of its motion for summary judgment.

4

2009). Where the facts are undisputed and the issue presented is a pure question of law, we review the matter de novo. Crum v. City of Terre Haute ex rel. Dep't of Redev., 812 N.E.2d 164, 166 (Ind. Ct. App. 2004).

Further, this appeal concerns the interpretation of a written contract. Our standard of review for interpreting the written contract is also de novo. Gerstbauer v. Styers, 898 N.E.2d 369, 379 (Ind. Ct. App. 2008). The goal of contract interpretation is to ascertain and enforce the parties' intent as manifested in their contract. See Gregg v. Cooper, 812 N.E.2d 210, 215 (Ind. Ct. App. 2004), trans. denied. To that end, we construe a contract as a whole and consider all of the provisions of the contract, not just individual words, phrases, or paragraphs. See id. An ambiguity exists where a provision is susceptible to more than one interpretation and reasonable persons would differ as to its meaning. Id. However, when a contract is clear and unambiguous, the language must be given its plain meaning. See, e.g., Tippecanoe Valley Sch. Corp. v. Landis, 698 N.E.2d 1218, 1221 (Ind. Ct. App. 1998), trans. denied.

Evergreen's only argument on appeal is that the plain language of the UIIA makes Djuric liable to Evergreen for per diem charges.[3] Evergreen misreads the UIIA. The plain language of the UIIA allows for but does not impose such charges. For Djuric to be liable to Evergreen under the UIIA, the two parties must have had a separate written agreement describing the per diem charges. See Appellant's App. at 165-66, 169, 171. It is undisputed that there is no separate written agreement. Accordingly, the trial court

---

[3] We disagree with Djuric's assertion that Evergreen raises this argument for the first time on appeal.

5

correctly entered summary judgment for Djuric on the basis of the plain language of the UIIA.

Nonetheless, in its reply brief Evergreen asserts that an addendum is not required for it to bill for per diem charges. Reply Br. at 5. Evergreen points to provisions in the UIIA stating that Evergreen shall invoice Djuric for such charges "within sixty (60) days from the date on which [e]quipment was returned to Provider by Motor Carrier" and, further, that "Motor Carrier shall advise Provider in writing of any disputed items on Provider's invoices within thirty (30) days . . . ." Appellant's App. at 169. Thus, Evergreen contends that Djuric must pay its invoices since Djuric did not dispute any items within the thirty days allowed under the UIIA's dispute resolution procedure.

But these provisions on invoicing, disputed items, and dispute resolution cited by Evergreen immediately follow provisions in the same paragraph six of the UIIA stating that a "Provider may . . . impose use charges, as set forth in its Addendum," and that a "Motor Carrier shall be responsible for use and/or storage charges set forth in the Addenda." See id. The provisions of a contract must be read together. See Gregg, 812 N.E.2d at 215 ("We construe the [contract] as a whole and consider all the provisions of the contract and not just individual words, phrases, or paragraphs."). Here, when the provision of paragraph six are read together it is apparent that the terms on invoicing, disputed items, and dispute resolution are predicated on an addendum containing a written schedule of per diem charges. And the dispute resolution process cited by Evergreen, which applies only in the "absence of a dispute resolution process contained in the Provider's addendum," see Appellant's App. at 169, also assumes that there is an

6

addendum. In sum, these terms and provisions, including the provisions that the Provider "may impose" and the Motor Carrier "shall be responsible" for charges "set forth" in an addendum, indicate that an addendum containing the per diem charges previously agreed to and signed by the parties is required. <u>Id.</u> at 166, 169, 171.

We hold that the trial court properly entered summary judgment for Djuric on Evergreen's complaint, and we affirm the court's judgment.

Affirmed.

KIRSCH, J., and MAY, J., concur.