Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEYS FOR APPELLANT:

**DEBORAH LYNCH DUBOVICH**
Levy & Dubovich
Highland, Indiana

**GEOFFREY G. GIORGI**
Merrillville, Indiana

ATTORNEYS FOR APPELLEE:

**STEVEN P. KENNEDY**
**EUGENE M. FEINGOLD**
Law Offices of Eugene M. Feingold
Munster, Indiana

FILED

Oct 19 2012, 9:22 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

IN RE THE MARRIAGE OF          )
                               )
YAN WOLFMAN,                   )
                               )
    Appellant-Respondent,    )
                               )
      vs.                 )          No. 45A03-1201-DR-17
                               )
ESTELLE WOLFMAN,               )
                               )
    Appellee-Petitioner.     )

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Elizabeth F. Tavitas, Judge
The Honorable Thomas P. Hallett, Magistrate
Cause No. 45D03-0910-DR-1015

**October 19, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

The marriage of Yan Wolfman ("Husband") and Estelle Wolfman ("Wife") was dissolved on July 21, 2011. The trial court found that the assets should be distributed equally. Among the assets to be distributed were several financial accounts. In order to offset the more valuable real estate and personal property awarded to Husband, the trial court awarded several of the more valuable financial accounts to Wife. Husband filed a motion to correct error, arguing that the accounts awarded to Wife had increased in value by about $100,000 since the valuation date used by the trial court and that the distribution was therefore unequal. The trial court granted Husband's motion and ordered that certain accounts be divided eighty-seven percent to Wife and thirteen percent to Husband. Still dissatisfied with the court's order, Husband initiated this appeal. The parties' arguments on appeal reflect that they have different interpretations of the trial court's order on Husband's motion to correct error. Having reviewed the record, we conclude that we are unable to determine the trial court's intent. Therefore, we remand for the trial court to clarify its order.

**Facts and Procedural History**

On October 13, 2009, Wife filed a petition for dissolution. The final hearing was held on November 22, 2010, and on July 21, 2011, the trial court issued an order dissolving the marriage and dividing the property. The court found that neither party had "presented sufficient evidence to rebut the statutory presumption that an equal division of the marital estate is fair and reasonable." Appellant's App. at 29. The court divided the property as follows:

2. From the marital estate, Husband is awarded the following property, based on the following values:

| | |
|---|---:|
| Real Estate [in Schererville, IN] | $ 179,000.00 |
| Vested ISTA Pension Plan | $ 250,905.00 |
| Valic 403(b) Account | $ 49,870.00 |
| Metlife Annuity | $ 4,565.00 |
| Metlife Annuity | $ 7,529.00 |
| Toyota Corolla | $ 14,055.00 |
| Personal property … | $ 10,000.00 |
| ISTA Retirement fund | $ 67,258.00 |
| ISTA Welfare Benefit Plan | $ 23,552.00 |
| | $ 606,734.00 |
| Loans & Real Estate Taxes | $ (34,881.00) |
| | $ 571,853.00 |

….

4. From the marital estate Wife is awarded the following property, based on the following values:

| | |
|---|---:|
| Real Estate [in Tuscon, AZ] | $ 52,000.00 |
| Fidelity 403(b) Account | $ 353,881.00 |
| Fidelity IRA …753 | $ 52,836.00 |
| Fidelity IRA …7745 | $ 60,283.00 |
| Waddell & Reed 403(b) | $ 34,288.00 |
| Toyota Camry | $ 17,980.00 |
| Personal property … | $ 2,000.00 |
| | $ 573,268.00 |

….

6. The E-Trade Account shall be liquidated to the extent necessary to pay Wife one-half (1/2) of the current balance in the account. The parties shall share equally any tax results of the distribution from the E-Trade Account. The remaining balance in the E-Trade Account, after the distributions set out above, is awarded to Husband.

7. The distribution of assets to each party shall be made subject to any appreciation or depreciation in value at the time the asset is transferred.

3

Appellant's App. at 29-31 (some formatting altered).[1] The trial court drew these figures from account statements that were submitted as exhibits. Some of the statements were from around the time that the petition for dissolution was filed, while others were closer to the date of the final hearing.

On August 23, 2011, Husband filed a motion to correct error. Husband asserted that, due to the volatility of the financial accounts, both attorneys had argued that the accounts should be divided by percentage rather than a fixed sum. Husband submitted more recent statements, most of which were issued in June 2011. These statements reflect that the assets awarded to Wife had increased in value by nearly $100,000 since the valuation dates used by the trial court, whereas Husband's assets had increased by a comparatively small amount. Thus, Husband argued that the trial court had not actually divided the marital estate equally despite its stated intent to do so. In the alternative, Husband asked that the court clarify the portion of its order stating that the assets should be distributed "subject to any appreciation or depreciation."

On November 16, 2011, the trial court held a hearing on the motion. On December 13, 2011, the trial court issued an "Order Granting Motion To Correct Errors Or In the Alternative Motion For Clarification." *Id*. at 33. The court found that although there was no "formal stipulation, the understanding of both parties was that certain investment accounts at issue would be divided proportionally by percentage." *Id*. The court amended its previous

---

[1] We note that the order contains a mathematical or typographical error. Using the values assigned to the assets by the trial court, Wife's total award is $573,223.
.

4

order as follows: "Former Wife is awarded eighty-seven percent (87%) and Former Husband is awarded thirteen percent (13%) of the following accounts as of July 21, 2011: ISTA Retirement Fund, Fidelity [403(b)] Account, Fidelity IRA (…7745), and Waddell & Reed [403(b)]." *Id*. at 34. Believing that the trial court's order did not adequately address his concerns, Husband initiated this appeal.

**Discussion and Decision**

The trial court issued findings of fact and conclusions thereon pursuant to Indiana Trial Rule 52(A). Our standard of review is well-settled:

> First, we must determine whether the evidence supports the trial court's findings of fact. Second, we must determine whether those findings of fact support the trial court's conclusions of law. We will set aside the findings only if they are clearly erroneous. Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference. A judgment is clearly erroneous if it applies the wrong legal standard to properly found facts.

> In applying this standard, we neither reweigh the evidence nor judge the credibility of the witnesses. Rather, we consider the evidence that supports the judgment and the reasonable inferences to be drawn therefrom. To make a determination that a finding or conclusion is clearly erroneous, our review of the evidence must leave us with the firm conviction that a mistake has been made.

*Hartley v. Hartley*, 862 N.E.2d 274, 281 (Ind. Ct. App. 2007) (quoting *Gregg v. Cooper*, 812 N.E.2d 210, 215 (Ind. Ct. App. 2004), *trans. denied*).

> Husband challenges the trial court's valuation and distribution of assets.

> In a dissolution action, the trial court has broad discretion in determining the value of property, and its valuation will only be disturbed for an abuse of that discretion. So long as there is sufficient evidence and reasonable inferences to support the valuation, an abuse of discretion does not occur.

5

*Id.* at 283 (quoting *Breeden v. Breeden*, 678 N.E.2d 423, 425 (Ind. Ct. App. 1997)).

We note that the parties appear to have different interpretations of the trial court's December 2011 order on Husband's motion to correct error. The December 2011 order indicates that certain accounts are to be divided by percentages, and states that the accounts would be valued "as of July 21, 2011," which is the date of the original divorce decree. Husband understands this to mean that the court used the same values as the original divorce decree, but applied the percentages indicated in the December 2011 order. In his brief, Husband created a chart demonstrating his interpretation of the December 2011 order:

| Wife | | Husband | |
|---|---|---|---|
| Arizona property | $ 52,000.00 | Schererville property | $ 179,000.00 |
| Fidelity 403(b)<br>$353,881 x .87 | $ 307,876.47 | Fidelity 403(b)<br>$353,881 x .13 | $ 46,004.53 |
| Fidelity IRA<br>xxx7753 | $ 52,836.00 | Metlife Annuity | $ 7,529.00 |
| Fidelity IRA<br>xxx7745<br>$60,283 x .87 | $ 52,446.21 | Fidelity IRA<br>xxx7745<br>$60,283 x.13 | $ 7,836.79 |
| Waddell & Reed 403(b)<br>$34,288 x .87 | $ 29,830.56 | Waddell & Reed 403(b)<br>$34,288 x .13 | $ 4,457.44 |
| Toyota Camry | $ 17,980.00 | Toyota Corolla | $ 14,055.00 |
| Personal property | $ 2,000.00 | Personal property | $ 10,000.00 |
| | | Valic 403(b) | $ 49,870.00 |
| | | Metlife Annuity | $ 4,565.00 |
| ISTA Retirement<br>$67,258 x .87 | $ 58,514.46 | ISTA Retirement<br>$67,258 x .13 | $ 8,743.54 |
| | | Vested pension | $ 250,905.00 |
| | | ISTA Welfare | $ 23,552.00 |
| | | | $ 606,518.30 |
| | | [Loans and taxes] | $ (34,881.00) |
| TOTALS | $ 573,483.70 | | $ 571,637.30 |

Appellant's Br. at 13-14.[2]

_____

[2] We have corrected some scrivener's errors in Husband's chart and altered some of the formatting.

Wife appears to believe that the trial court meant for the percentages to apply to the new values that Husband submitted with his motion to correct error, which were drawn from statements dating mostly from July 2011. If these more recent values are placed in the chart prepared by Husband, the result is as follows:

| Wife | | Husband | |
|---|---|---|---|
| Arizona property | $ 52,000.00 | Schererville property | $ 179,000.00 |
| Fidelity 403(b) $421,834.44 x .87 | $ 366,995.96 | Fidelity 403(b) $421,834.44 x.13 | $ 54,838.48 |
| Fidelity IRA xxx7753 | $ 52,836.00 | Metlife Annuity | $ 7,529.00 |
| Fidelity IRA xxx7745 $79,868.37 x .87 | $ 69,485.48 | Fidelity IRA xxx7745 $79,868.37 x.13 | $ 10,382.89 |
| Waddell & Reed 403(b) $45,684.50 x .87 | $ 39,745.52 | Waddell & Reed 403(b) $45,684.50 x .13 | $ 5,938.99 |
| Toyota Camry | $ 17,980.00 | Toyota Corolla | $ 14,055.00 |
| Personal property | $ 2,000.00 | Personal property | $ 10,000.00 |
| | | Valic 403(b) | $ 49,870.00 |
| | | Metlife Annuity | $ 4,565.00 |
| ISTA Retirement $79,818.74 x .87 | $ 69,442.30 | ISTA Retirement $79,818.74 x .13 | $ 10,376.44 |
| | | Vested pension | $ 250,905.00 |
| | | ISTA Welfare | $ 23,552.00 |
| | | | $ 621,012.79 |
| | | [Loans and taxes] | $ (34,881.00) |
| TOTALS | $ 670,485.26 | | $ 586,131.79 |

If Husband's interpretation is correct, then each party receives approximately $570,000 in assets, which is what the original divorce decree provided. In other words, the trial court reached the same result using a different method. If so, then the trial court did not actually address the issue of the change in value of the accounts. If Wife's interpretation is correct, then Wife still is receiving nearly $85,000 more than Husband. However, the trial court purported to grant Husband's motion to correct error. It appears that the trial court desired to provide a more equal distribution in light of the change in value of the financial accounts, but neither of the interpretations advanced by the parties gives effect to this intent.

Under the circumstances, we conclude that the appropriate remedy is to remand to the trial court to clarify its order. In so doing, we stress that a trial court has substantial discretion in choosing a date of valuation and determining how assets should be divided. The fact that Husband received more valuable real estate and personal property means that the financial accounts cannot simply be divided evenly to achieve an equal distribution. The fact that the accounts continue to change in value also makes equal distribution a moving target. Husband has advanced several ways in which an equal distribution could be achieved, and those would certainly be within the trial court's discretion, but there are surely many other methods that the trial court could use without abusing its discretion. This opinion should not be read to suggest that the trial court is bound to use a particular method; we simply find that clarification is necessary. Therefore, we remand.

Remanded.

RILEY, J., and BAILEY, J., concur.