

IN THE

# Court of Appeals of Indiana

First Chicago Insurance Company,

*Appellant-Defendant*

v.

Ron Jones,

*Appellee-Plaintiff*



FILED
Jun 04 2024, 9:50 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

June 4, 2024

Court of Appeals Case No.
23A-CC-2891

Appeal from the Marion Superior Court

The Honorable Ian L. Stewart, Magistrate

Trial Court Cause No.
49D05-2107-CC-24776

---

**Opinion by Judge Mathias**
Judges Riley and Felix concur.

**Mathias, Judge.**

[1] First Chicago Insurance Company ("First Chicago") appeals the Marion Superior Court's grant of summary judgment to Ron Jones on his complaint seeking a declaratory judgment. First Chicago presents three issues for our review, which we consolidate and restate as whether the trial court erred when it granted summary judgment to Jones.

[2] We reverse and remand with instructions.

## Facts and Procedural History

[3] On November 16, 2020, Anita Agboalu, an undocumented immigrant from Nigeria, was driving a van owned by her grandmother, Dolcey Chinda, when Agboalu was involved in a collision with Jones. Chinda had insured the van with an insurance policy issued by First Chicago. Jones was injured and sought to recover damages from First Chicago, which denied coverage based on Agboalu's lack of an Indiana driver's license.

[4] On July 23, 2021, Jones filed a complaint against Agboalu and First Chicago in two counts. The first count seeks damages from Agboalu for Jones's alleged personal injuries. The second count seeks a declaratory judgment that First Chicago must defend and indemnify Agboalu in this lawsuit.

[5] First Chicago filed a motion for summary judgment alleging that it did not have a duty to defend or indemnify Agboalu under the terms of Chinda's insurance policy. First Chicago designated evidence showing that, at the time of the 2020

collision, Agboalu was an undocumented immigrant who had lived in Indiana since 2016. Also at the time of the collision, Agboalu had a valid driver's license issued by Nigeria, but she did not have an Indiana driver's license. First Chicago designated provisions from Chinda's insurance policy, including a provision excluding coverage ("exclusion (z)") where "bodily injury or property damage aris[es] out of the use [of the insured vehicle] by any person, including an insured person, who is not a properly licensed driver. . . ." Appellant's App. Vol. 2, p. 58. Jones filed a response and a summary judgment motion alleging that First Chicago had a duty to indemnify Agboalu as a matter of law. Jones argued that exclusion (z) did not apply because Agboalu had a valid Nigerian driver's license at the time of the collision.

[6] Following a hearing, the trial court denied First Chicago's summary judgment motion and granted Jones's summary judgment motion. This appeal ensued.[1]

## Discussion and Decision

[7] First Chicago contends that the trial court erred when it denied its summary judgment motion and entered summary judgment for Jones. Our standard of review is well settled.

> When this Court reviews a grant or denial of a motion for summary judgment, we "stand in the shoes of the trial court." *Burton v. Benner*, 140 N.E.3d 848, 851 (Ind. 2020) (quoting

---

[1] This is an interlocutory appeal, but the trial court's order includes the magic language under Trial Rule 54(B) to make it a final judgment.

*Murray v. Indianapolis Public Schools*, 128 N.E.3d 450, 452 (Ind. 2019)). Summary judgment is appropriate "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Campbell Hausfeld/Scott Fetzer Co. v. Johnson*, 109 N.E.3d 953, 955-56 (Ind. 2018) (quoting Ind. Trial Rule 56(C)). We will draw all reasonable inferences in favor of the non-moving party. *Ryan v. TCI Architects/Engineers/Contractors. Inc.*, 72 N.E.3d 908, 912-13 (Ind. 2017). We review summary judgment de novo. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014).

*Arrendale v. Am. Imaging & MRI, LLC*, 183 N.E.3d 1064, 1067-68 (Ind. 2022). Here, the sole disputed issue turns on the interpretation of the insurance policy, which is a question of law especially suited for summary judgment. *See Jenkins v. S. Bend Cmty. Sch. Corp.*, 982 N.E.2d 343, 347 (Ind. Ct. App. 2013), *trans. denied*.

[8] Indiana Code section 9-24-1-1 ("section 1") provides that, "[e]xcept as provided in section 7 of this chapter, an individual must have a valid" driver's license or permit to operate a motor vehicle in Indiana. And Indiana Code section 9-24-1-7(a)(4) provides in relevant part that section 1 does not apply to certain individuals, including:

> (4) A new Indiana resident who:
>
> > (A) possesses a valid driver's license issued by the state or country of the individual's former residence; and
> >
> > (B) is legally present in the United States;

for a period of sixty (60) days after becoming an Indiana resident, and subject to the restrictions imposed by the state or country of the individual's former residence while operating upon a highway the type of motor vehicle for which the driver's license was issued.

In sum, a new Indiana resident has sixty days after establishing her residency to obtain an Indiana driver's license and cannot legally drive with a license issued by another state or another country.

[9] Exclusion (z) of Chinda's First Chicago insurance policy provides that coverage does not apply "to bodily injury or property damage arising out of the operation by any person, including an insured person, *who is not a properly licensed driver*, or is in violation of any condition of their driving privileges." Appellant's App. Vol. 2, p. 68 (emphasis added, some emphases omitted). And First Chicago argues that Agboalu was not a properly licensed driver at the time of the collision with Jones because she had been a resident of Indiana since 2016 but did not have an Indiana driver's license. In other words, First Chicago maintains that, because Agboalu was required to get an Indiana driver's license within sixty days of establishing her residency here and failed to do so, she was not a "properly licensed driver" under the policy.

[10] In support of his summary judgment motion, Jones argued that, because Agboalu had a valid Nigerian driver's license at the time of the collision, she was a "properly licensed driver" under the policy. The trial court agreed.

[11] As this Court has explained,

[c]ontracts of insurance are governed by the same rules of construction as other contracts. [*Bosecker v. Westfield Ins. Co.*, 724 N.E.2d 241, 243-44 (Ind. 2000).] The goal of contract interpretation is to ascertain and enforce the parties' intent as manifested in the contract. *See Gregg v. Cooper*, 812 N.E.2d 210, 215 (Ind. Ct. App. 2004), *trans. denied*. To that end, "[w]e construe the insurance policy as a whole and consider all of the provisions of the contract[,] not just individual words, phrases, or paragraphs." *Id.* An ambiguity exists where a provision is susceptible to more than one interpretation and reasonable persons would differ as to its meaning. *Id.* However, when an insurance contract is clear and unambiguous, the language must be given its plain meaning. *See, e.g., Tippecanoe Valley Sch. Corp. v. Landis*, 698 N.E.2d 1218, 1221 (Ind. Ct. App. 1998), *trans. denied*.

*Schilling v. Huntington Cnty. Cmty. Sch. Corp.*, 898 N.E.2d 385, 388 (Ind. Ct. App. 2008).

[12] Here, the parties agree that the phrase "properly licensed driver" is unambiguous. Looking at the insurance policy as a whole, it includes a choice of law provision whereby the parties agreed that Indiana law "govern[s] the interpretation of this policy[.]" Appellant's App. Vol. 2, p. 81. Thus, First Chicago is correct that Indiana Code section 9-24-1-1 applies to Agboalu. It is undisputed that Agboalu has been an Indiana resident since 2016 and was,

therefore, required to obtain an Indiana license within sixty days of establishing her residence in order to be "properly licensed" under Indiana law.[2]

[13] Still, Jones argues that First Chicago made a judicial admission that Agboalu had a valid license at the time of the collision if she had been driving in any state other than Indiana. And Jones maintains that, because exclusion (z) does not state that the driver must be a "properly licensed driver *in Indiana*" the trial court correctly entered summary judgment for him. *See* Appellee's Br. at 9. Jones's argument misses the mark. Indiana law applies to the interpretation of exclusion (z), and "properly licensed driver" means properly licensed in this state.

[14] For all these reasons, we reverse the trial court's grant of summary judgment for Jones and remand with instructions for the trial court to grant summary judgment to First Chicago.

[15] Reversed and remanded with instructions.

Riley, J., and Felix, J., concur.

---

[2] To the extent that Jones argued to the trial court that Agboalu was not an Indiana resident because she is a college student, that argument is misplaced. Agboalu is an Indiana resident under Indiana Code section 9-13-2-78(2). Her attendance at college would only impact her status if she had a legal residence in another state, which she does not. Notably, Jones does not raise that argument on appeal.

ATTORNEY FOR APPELLANT

Donald Patrick Eckler
Freeman Mathis & Gary, LLP
Chicago, Illinois


ATTORNEY FOR APPELLEE

John P. Young
Young & Young
Indianapolis, Indiana